**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

KHAREE BRUNSON,                         :
    Plaintiff,                        :
                                      :
    v.                                :       **CIVIL ACTION NO. 25-CV-6526**
                                      :
COMMONWEALTH OF                         :
PENNSYLVANIA, *et al.*,                 :
    Defendants.                       :

**<u>MEMORANDUM</u>**

**SCHMEHL, J.**                                                      **APRIL 2, 2026**

Plaintiff Kharee Brunson, a pretrial detainee who is currently housed at Chester County Prison, brings this *pro se* civil action alleging violations of his constitutional rights. Named as Defendants are the Commonwealth of Pennsylvania, the Valley Township Police Department, Warden Howard Holland, and Valley Township Police Officer Katelynn Duca. Brunson seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Brunson *in forma pauperis* status and dismiss his Complaint. He will be given leave to file an amended complaint if he can cure the deficiencies noted by the Court.

**I.      FACTUAL ALLEGATIONS**[1]

The allegations in Brunson's Complaint are brief. He states that he was arrested by Officer Duca on January 2, 2025, "pursuant to a felony arrest warrant as stated in Police criminal complaint #5571 (Exhibit B)" and that "an arrest warrant never existed at the time of [his] arrest and still does not exist. Magisterial Docket #MJ-15307-CR-0000001-2025 (Exhibit C)." (Compl. at 3.) He further alleges that the state court docket does not reflect an entry indicating

---

[1] The following allegations are taken from the Complaint. (ECF No. 2.) The Court adopts the sequential pagination supplied to the Complaint by the CM/ECF docketing system.

an arrest warrant was issued at the time of the arrest, "only a criminal complaint." (*Id.*) He

contends that he is being falsely imprisoned by Warden Holland at the Chester County Prison.

(*Id.*) Brunson avers that he has suffered physically and mentally due to the Defendants' actions.

(*Id.*) As relief, he seeks release from custody and monetary damages.[2] (*Id.* at 4.)

## II.    STANDARD OF REVIEW

The Court will grant Brunson leave to proceed *in forma pauperis* because it appears that

he does not have the ability to pre-pay the fees to commence this case.[3] Accordingly, 28 U.S.C.

§ 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same

standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see*

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[2] To the extent Brunson seeks release from custody, such relief cannot be granted in a civil action, such as this, brought pursuant to 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (when a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"); *see also Jaffery v. Atl. Cnty. Prosecutor's Office*, 695 F. App'x 38, 41-42 (3d Cir. 2017) (*per curiam*) ("[T]o the extent Jaffery seeks dismissal of the charges against him as a result of constitutional violations, such relief is only available through a writ of habeas corpus."); *Duran v. Weeks*, 399 F. App'x 756, 759 (3d Cir. 2010) (*per curiam*) ("[T]o the extent that Duran is seeking dismissal of the charges against him as a result of constitutional violations, he is essentially asking for relief only available through habeas corpus."). The Court notes that, along with the papers for this case, Brunson also submitted to the court for filing a petition for a writ of habeas corpus pursuant to 28 U.S.C § 2241, as well as another civil rights complaint pursuant to 42 U.S.C. § 1983. *See Brunson v. Hillegas, et al.*, Civ. A. No. 25-6524 (E.D. Pa.) and *Brunson v. Commonwealth of Pennsylvania, et al.*, Civ. A. No. 25-6525 (E.D. Pa.)

[3] However, since Brunson is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

(quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim.  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue.").

As Brunson is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Id.* (quoting *Mala*, 704 F. 3d at 245).  An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants."  *Id.*

## III.    DISCUSSION

Brunson seeks damages for alleged violations of his federal constitutional rights pursuant to 42 U.S.C. § 1983.  (*See* Compl. at 2.)  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Brunson's Complaint is best construed as alleging violations of

his Fourth Amendment rights.[4]  For the following reasons, Brunson has failed to allege any plausible claim.

Brunson asserts that his constitutional rights were violated because he was falsely arrested in connection with criminal charges filed against him.  (Compl. at 2.)  The Court understands Bruson to allege that on January 2, 2025, a criminal complaint was filed in *Commonwealth v. Brunson*, MJ-15307-CR-0000001-2025 (Chester), and that he was then arrested by Officer Duca, but that state court docket does not reflect that an arrest warrant issued in the case.  (Compl. at 3.)  A review of Pennsylvania's publicly available docketing system reveals that Brunson has an active criminal prosecution that appears to be the basis of his allegations.  *See Commonwealth v. Brunson*, MJ-15307-CR-0000001-2025 (Chester)[5]; *Commonwealth v. Brunson*, CP-15-CR-0002860-2025 (C.P. Chester); *see also Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (the Court may take judicial notice of facts reflected in publicly available state court records).  Additionally, Brunson attached to his

---

[4] Although Brunson alleges that his Fourth, Fifth, and Sixth Amendment rights were violated (*see* Compl. at 2), only the Fourth Amendment is relevant to his allegations.  The Fourth Amendment provides that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. Const. amend. IV.  Brunson does not allege any facts that would invoke the Fifth or Sixth Amendments and passing references to legal provisions are insufficient to bring a plausible constitutional claim before the Court.  *See Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 763 (3d Cir. 2023) ("A passing reference to an issue will not suffice to bring that issue before this court." (cleaned up) (quoting *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994))).  Accordingly, any claim based on a violation of the Fifth or Sixth Amendment will be dismissed.

[5] As noted *supra*, Brunson submitted a § 2241 habeas petition simultaneously with this Complaint in which he challenges three state court criminal prosecutions:  (1) MJ-15304-CR-0000444-2023 (Chester); (2) MJ-25307-CR-000000-1-2025 (Chester); and (3) MJ-15307-CR-0000023-2024 (Chester).  *See Brunson v. Hillegas, et al.*, Civ. A. No. 25-6524 (E.D. Pa.), ECF 2 at 3.  Indeed, Brunson attached to the § 2241 petition, *inter alia*, a portion of the docket in MJ-15307-CR-0000001-2025 (Chester).  *See id.*, ECF 2-1 at 3.

Complaint an "Affidavit of Probable Cause" completed by Duca seeking an arrest warrant for Brunson in connection with the charges.  (ECF No. 2-1.)

Thus, to the extent Brunson seeks to allege a Fourth Amendment claim based on his arrest in *Commonwealth v. Brunson*, MJ-15307-CR-0000001-2025 (Chester), because it appears that Brunson was arrested pursuant to a criminal complaint in that matter, his Fourth Amendment claim sounds in malicious prosecution.  *See Wallace v. Kato*, 549 U.S. 384, 390 (2007) (explaining that the tort of malicious prosecution "remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process"); *Noviho v. Lancaster Cty. of Pa.*, 683 F. App'x 160, 166 (3d Cir. 2017) (*per curiam*) ("Arrests made pursuant to a 'validly issued—if not validly supported—arrest warrant' generally occur after the institution of legal process and, thus, sound in malicious prosecution rather than false arrest or imprisonment." (quoting *Myers v. Koopman*, 738 F.3d 1190, 1195 (10th Cir. 2013)).  To state a Fourth Amendment malicious prosecution claim, a plaintiff must plausibly allege that a government official charged him without probable cause, leading to an unreasonable seizure of his person. *Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 558 (2024) (citing *Thompson v. Clark*, 596 U. S. 36, 43, and n.2 (2022)).  A malicious prosecution claim under § 1983 has five elements: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.  *Harvard v. Cesnalis*, 973 F.3d 190, 203 (3d Cir. 2020) (internal quotations and citation omitted).  "Probable cause exists if there is a fair probability that the person committed

5

the crime at issue." *Id.* at 199 (quotations omitted).[6] A "favorable termination" occurs when a prosecution ends "without a conviction." *Thompson*, 596 U.S. at 49 ("In sum, we hold that a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence. A plaintiff need only show that the criminal prosecution ended without a conviction.").

Of the five elements of a malicious prosecution claim, Brunson's sparse Complaint alleges only that a criminal proceeding was initiated against him and that he was detained pursuant to these charges. He has not alleged that the criminal proceeding ended in his favor, the proceeding was initiated without probable cause, and that the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice. Accordingly, the malicious prosecution claim must be dismissed because it is not plausible as pled. *See, e.g., Santiago v. Humes*, No. 14-7109, 2015 WL 1422627, at *4 (E.D. Pa. Mar. 30, 2015) (dismissing false arrest, false imprisonment, and malicious prosecution claims when plaintiffs failed to "affirmatively assert

---

[6] For the "lack of probable cause" element, where an arrest is made pursuant to a warrant or a previously sworn criminal complaint, a plaintiff must allege plausibly "(1) that the police officer knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create[d] a falsehood in applying for a warrant; and (2) that such statements or omissions are material, or necessary, to the finding of probable cause." *Wilson v. Russo*, 212 F.3d 781, 786-87 (3d Cir. 2000) (internal quotations and citation omitted); *Pinkney v. Meadville, Pennsylvania*, 95 F.4th 743, 748 (3d Cir. 2024) (same); *see also Evans v. Newark City*, 152 F.4th 537, 545-47 (3d Cir. 2025) (discussing "lack of probable cause" element). An omission is made with reckless disregard if it were something a reasonable person would realize that the judge would want to know. *Wilson*, 212 F.3d. at 788. To determine whether an omission is material, the Court must predict whether a reasonable judge would conclude that a corrected affidavit was insufficient to establish probable cause. *Sherwood v. Mulvihill*, 113 F.3d 396, 401 (3d Cir. 1997); *Pinkney*, 95 F.4th at 748-49. The existence of probable cause is typically a question of fact for a jury, unless the evidence "reasonably would not support a contrary factual finding," in which case the court may determine the existence of probable cause as a matter of law. *Basile v. Twp. of Smith*, 752 F. Supp. 2d 643, 651 (W.D. Pa. 2010) (granting Rule 12(b)(6) motion in part and dismissing false arrest claim with leave to amend); *see also Slack v. McHugh*, No. 24-2153, 2025 WL 2753671, at *2 (3d Cir. Sept. 29, 2025) ("[A] plaintiff must adequately allege a lack of probable cause to avoid a Rule 12(b)(6) dismissal.").

facts to show that the Officer Defendants did not have probable cause" when plaintiffs simply alleged that all allegations against them in the underlying criminal proceedings were false); *see also Slack*, 2025 WL 2753671 at *1-3 (affirming dismissal of malicious prosecution claim "because there is prima facie evidence of probable cause for [plaintiff's] arrest and prosecution").

There are other problems with Brunson's claims.  Generally, a sub-division of a local government is not separate from the municipality of which it is a part and, accordingly, is not a proper defendant in a § 1983 action.  *See, e.g., Martin v. Red Lion Police Dep't*, 146 F. App'x 558, 562 n.3 (3d Cir. 2005) (*per curiam*) ("[T]he Red Lion Police Department, as the sub-division of defendant Red Lion Borough through which the Red Lion Borough fulfills its policing functions, was not a proper defendant."); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability") (citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir. 1988)); *Bush v. City of Philadelphia Philadelphia Police Dep't*, 684 F. Supp. 2d 634, 636 (E.D. Pa. 2010) (same).  Thus, the Valley Township Police Department is not a proper defendant in this matter.

Additionally, states are not considered "persons" for purposes of § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989).  Furthermore, the Commonwealth of Pennsylvania is immune from suit for money damages under the Eleventh Amendment and has not waived that immunity for lawsuits filed in federal court.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 309-10 (3d Cir. 2020); *see also* 42 Pa. Cons. Stat. §§ 8521-22.  Accordingly, the claims for money damages Brunson seeks to assert against the Commonwealth of Pennsylvania may not proceed.

With regard to Warden Holland, Brunson fails to allege factual allegations about his involvement in the alleged constitutional violation. To the extent that the Warden is named simply due to his high-ranking position at the Chester County County Prison, this is not sufficient to state a plausible claim. *See Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) (*per curiam*). In any event, it is not clear how Warden Holland would bear any legal responsibility for any alleged false arrest or prosecution. Accordingly, any claims against Warden Holland will be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Brunson leave to proceed *in forma pauperis* and will dismiss the claims against the Commonwealth of Pennsylvania and the Valley Township Police Department with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

The balance of Brunson's claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Brunson will be given an opportunity to correct the defects in these claims by filing an amended complaint. Any amended complaint must clearly describe the factual basis for his claims and how each defendant was personally involved in the alleged violation of his rights.[7]

---

[7] It bears noting that this Court has an obligation to abstain from considering certain types of cases pursuant to the principles of *Younger v. Harris*, 401 U.S. 37 (1971). "To promote comity between the national and state governments," the *Younger* abstention doctrine "requires federal courts to abstain from deciding cases that would interfere with certain ongoing state proceedings." *Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453, 461 (3d Cir. 2019) (citing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77-78 (2013)). When determining whether *Younger* abstention is proper, a court first must examine the underlying state court litigation to determine whether it falls into one of three categories of cases: (1) criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving orders in furtherance of the state courts' judicial function. *See PDX N., Inc. v. Comm'r N.J. Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020) (internal quotations omitted). Because Brunson has not

An appropriate Order follows, which provides further instruction about amendment.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**Jeffrey L. Schmehl, J.**

---

pled any plausible claims, the Court need not address at this time whether *Younger* abstention necessitates that any claims be stayed pending resolution of the state criminal proceedings.